UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TIMOTHY KELLY,

                              Plaintiff,                  **ORDER**
                                                                       CV 14-2995 (JMA) (SIL)
        -against-

TIMES/REVIEW NEWSPAPERS CORPORATION,

                              Defendant.
----------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

      Presently before the Court in this age discrimination case is Defendant Times/Review Newspapers Corporation's ("Defendant" or "Times/Review") motion to compel Plaintiff Timothy Kelly ("Plaintiff" or "Kelly"), a former Times/Review employee: (1) to produce certain documents concerning his health; and (2) to appear for an independent medical examination pursuant to Fed. R. Civ. P. 35. *See* Docket Entries ("DE") [41, 46]. Plaintiff opposes the motion. *See* DE [42, 48]. For the reasons set forth below, the motion to compel is granted in part and denied in part.

*Discussion*

      As part of his claim for relief, Plaintiff seeks compensatory damages, alleging that he "suffered actual anguish, embarrassment, suffering, and humiliation as result of his wrongful involuntary termination of employment [by Defendant]" on July 31, 2013. DE [1], ¶¶ 4, 29, 32, 35, 38. In his initial opposition to the motion to compel, Kelly elaborated on this claim stating that he sought only "garden variety" emotional distress damages and so the discovery sought concerning his medical condition was inappropriate. *See* DE [42] at 2. At oral argument however, he took a different position stating that he reserved the right to seek substantial emotional distress

damages, and that his treating therapist would testify at trial to establish these damages. Given this change in position, as well as the fact that the discovery sought had not been properly requested in the first instance, the Court directed that another round of discovery be requested and responded to, and that any remaining issues be submitted to the Court for resolution after the parties met and conferred as required by Local Civil Rule 37.3(a). This Order addresses those remaining issues concerning outstanding document requests and medical examination.

*A. Applicable standards*

Rule 26(b)(1) provides for discovery of relevant information that is "proportional" to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery to resolving the issue, and whether the burden of production outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1). Consistent with these standards, where a plaintiff has put his medical condition at issue, discovery of relevant medical records may be warranted. *Griggs v. Weiner*, CV-13-3885 (JFB) (AYS), 2015 WL 6455298, at *3 (E.D.N.Y. Oct. 26, 2015); *Vasquez v. Suffolk Cty. Gov't*, CV 13-4188 (LDW) (AYS), 2015 WL 1781531, at *1 (E.D.N.Y. Apr. 20, 2015); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 635 (E.D.N.Y. 1997). However, in the emotional distress context, a claim limited to "garden variety" damages will not generally operate to require production of medical records. *Griggs*, 2015 WL 6455298, at *3 (denying access to medical records); *Sobel v. Cmty. Access, Inc.*, No. 03 Civ. 5642 (LHK) (MHD), 2007 WL 2076977, at *1 (S.D.N.Y. July 18, 2007).

In addition, a party may be entitled to a medical examination of an adversary, where the adversary's medical condition is at issue. *See* Fed. R. Civ. P. 35 (providing for physical and mental examinations). In order to obtain a medical examination under Rule 35, the moving party must

establish "good cause," which is a greater showing than under the other rules of discovery. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234 (1964). Such "good cause" exists where the plaintiff alleges that the defendant's unlawful conduct caused a mental injury. *Id.* at 119-20; *Guzman v. News Corp.*, No. 09 Civ. 9323 (BSJ) (RLE), 2012 WL 2148166, at *1 (S.D.N.Y. June 13, 2012). As with medical records, in the Rule 35 analysis courts draw a distinction between those cases where "garden variety" emotional distress damages are sought, and therefore no examination may be required, and other cases, where more substantial damages are claimed, rendering an examination appropriate. *See, e.g., Jarrar v. Harris*, CV 07-3299 (CBA)(JO), 2008 WL 2946000, at *3-4 (E.D.N.Y. July 25, 2008) (discussing standards) (citing *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995)). Among the factors to be considered on a Rule 35 motion to compel a medical examination are whether the case involves: (1) claims for intentional or negligent inflictions of emotional distress; (2) an allegation of specific mental or psychiatric injury; (3) a claim of unusually severe emotional distress; (4) a plaintiff that offers expert testimony to support his emotional distress claim; and (5) plaintiff's concession that his emotional state is in controversy. *Jarrar*, 2008 WL 2946000, at *3. The decision whether to grant the examination is within the sound discretion of the trial court. *Ebo v. New York Methodist Hosp.*, 12-CV-4432 (MKB)(RER), 2015 WL 4078550, at *6 (E.D.N.Y. July 6, 2015).

    *B. Medical records*

The Court turns first to Defendant's motion to compel production of certain documents concerning his medical condition. As set forth above, after the initial briefing on this motion, which only sought certain categories of documents generally, the Court directed the Times/Review to serve specific document requests on Plaintiff, so that Plaintiff could respond accordingly, and the Court could evaluate the requests with particularity. Based on this direction, the Times/Review

served 16 document requests on Plaintiff, all of which drew objections, and then moved to compel their production, submitting an affidavit from their expert in support. *See* DE [46, 46-1, 46-4, 48-1]. According to Defendant's expert, the information requested is necessary to establish a "comprehensive" medical history and evaluate all "known stressor[s]." DE [46-4] at 4.

The Court addresses each request separately noting that while it can be said that the requests seek information that is arguably relevant to Plaintiff's claim for emotional distress damages, much of it is disproportionate to the needs to the case, especially when considering the issues that the documents may help resolve in comparison to the undue burden that producing the documents would create.

Document request no. 1 seeks all documents concerning Plaintiff's treating therapist Dr. Karen Malcomson, and the Mental Health Clinic of Mattituck and the Family Service League North Fork Counseling. DE [46-1] at 9. Kelly does not object to this request. Rather, he acknowledges a duty to produce responsive documents and keep the production current given his ongoing therapy, but argues that he is not obligated to update his document production every time Defendant unilaterally asks for it. *See* DE [48] at 1. Having considered the parties' arguments, the Court directs Plaintiff to supplement his production as follows: he will provide an updated set of responsive documents once more at Defendant's request for use by its expert to create his expert report, and then one last time prior to trial as soon as practicable once a trial date has been set.

Document request no. 2 seeks all documents concerning Plaintiff's marital therapy without time restriction. DE [46-1] at 9. This request is disproportional to the needs of the case and would include producing documents that could be decades old and therefore of extremely limited relevance. Nevertheless, the Court recognizes that documents concerning more recent treatment prior to and after Plaintiff's termination may demonstrate that any emotional distress he

experienced around the time he was discharged was caused by something other than Defendant's conduct. Accordingly, Plaintiff is directed to produce responsive documents for the period dating back three years prior to his termination, i.e., from July 31, 2010 to the present.

Document request no. 3 seeks all documents concerning all medical treatment including treatment for cardiac conditions and hip surgery for the period from 2008 to the present. *Id.* at 9. As part of this request Defendant also seeks medical authorizations for those health care providers whom he consulted concerning the "relief for pain and suffering plaintiff seeks in his Complaint." *Id*. The Court concludes that this request is disproportional to the needs of the case in that it seeks "[a]ll documents concerning any visits/appointments/examinations/procedures treatment [sic]" Plaintiff had for the last eight years. *Id.* at 9. This overbroad request would have Plaintiff locating and producing irrelevant documents, e.g., notes of cancellations of routine dental appointments and the like, which would be unduly burdensome. Further, the request seeks documents concerning a hip surgery and certain "cardiac conditions." *Id.* While Plaintiff's expert reasonably explains that Plaintiff's other medical conditions could be a cause for the emotional distress that Kelly attributes to Defendant, the expert does not explain why he needs the medical records concerning all of the procedures, especially where, as here, Plaintiff has already been deposed, and presumably questioned about these procedures and there is no claim that he was unable to recall or explain any of the treatment he experienced. For these reasons, the Court concludes that this request is overbroad, unduly burdensome and disproportionate to the needs of the case.

That being decided, the Court notes that to the extent that the request specifically seeks documents concerning relief Kelly seeks for pain and suffering, these documents must be produced if they have not been produced in response to other document requests. To the extent such documents are in the possession of Drs. Carter and Simon as referred to in the body of the

5

document request, the executed HIPAA authorizations for these two healthcare providers should be produced.

Document request no. 4 seeks all documents concerning any treatment by any mental health professional over the last 30 years. *Id.* at 10. This request is disproportionate to the needs of this case as it seeks documents that may be wholly irrelevant, and therefore of extremely limited value to resolving the issues in this action. This request is so overbroad and unduly burdensome that the Court declines to rewrite it to make it appropriate, something that should have been addressed during the meet and confer process. Accordingly, the motion to compel a response to document request 4 is denied.

Document request no. 5 seeks all pharmacy records for prescribed medications for the period from 2008 to the present, including records of whether those prescriptions were filled and related HIPAA authorizations for the pharmacies who provided the medications. *Id.* According to Defendant, these records are necessary for "determining a prognosis" for Plaintiff's condition and the symptoms. The Court agrees that these records are relevant and generally proportional to the needs of the case. Accordingly, the motion to compel production of the information sought, including the HIPAA authorizations, is granted, but only for the period from July 31, 2010, three years prior to Kelly's termination date, to the present, so as to eliminate any undue burden.

Document request no. 6 seeks all documents, and a related executed Employment Records Release, concerning Kelly's employment with Peconic Bay Medical Center, employment he held for the period from March 2006 through August 2009, in between his two periods of employment with the Times/News and four years before his termination which serves as the basis for his claims. *Id.* at 10-11. The Court concludes that this request is not only disproportionate to the needs of this case, it is unduly burdensome and seeks information that is, at best, of marginal relevance.

Accordingly, the motion to compel is denied with request to document request no. 6. In reaching this conclusion the Court notes that further embedded in this request the Times/News Review seeks an executed Request for Copy of Tax Return, Form 4506, for the period August 1, 2013 to the present. Defendant offers no reason why it would need Plaintiff's entire tax returns during this period. Accordingly, the motion to compel Plaintiff to execute the Form 4506 is also denied.

Document requests nos. 7 – 14 and 16 are not document requests. *See id.* at 11-14. Rather, they are reminders that Plaintiff is obligated to supplement his prior document production as more responsive documents become available. There is no evidence before the Court that Kelly is unwilling to honor his discovery obligations in this regard. Nevertheless, in an effort to avoid further motion practice, the Court directs Plaintiff to update his document production once more for the sake of Defendant's expert analysis and then again as soon as practicable after a trial date is set in this case.

Finally, document request 15 seeks all documents concerning Kelly's support of his daughter's education. *Id.* at 13. This request seeks "all documents" and is not limited in time. As such, it is unduly burdensome and disproportionate to needs of the case. Nevertheless, it is reasonable to consider payment for a child's education as a potential stressor unrelated to Defendant's conduct. Accordingly, Plaintiff is directed to produce the tuition invoices, or some agreed upon substitute, that would document the total amount of the expense of his daughter's education for the period from July 31, 2010 to the present.

Having resolved the outstanding document requests, the Court turns to Defendant's motion to compel Plaintiff's medical examination.

*C. Rule 35 examination*

Applying the standards set forth above, the Court concludes that the Times/Review has established the "good cause" necessary to direct that Plaintiff appear for a Rule 35 examination. Here Kelly seeks damages relating to Defendant's intentional conduct allegedly causing him a severe emotional injury, which he may prove by trial through the testimony of his treating therapist. *See Jarrar*, 2008 WL 2946000, at *3-4 (outlining relevant factors). Accordingly, a Rule 35 examination is warranted. In fact, the failure to direct that Plaintiff appear for such an examination would be fundamentally unfair as it would leave the Times/Review with no way to challenge Kelly's claim for emotional distress damages at trial.

This does not end the inquiry however. Rule 35 specifically requires that notice of the examination must provide the "time, place, manner, conditions, and scope of the examination, as well as the person or persons to perform it." Fed. R. Civ. P. 35(a)(2)(B); *see* DE [48] at 2. Defendant has failed to provide any of this information in its moving papers or attached a copy of any notice he may have served on Plaintiff. Accordingly, the Court directs that the required notice be provided two weeks prior to the examination and that the examination will last no longer than three hours.

*D. Timeliness*

Much of Plaintiff's objections to the discovery sought is based on the argument that fact discovery is closed and Defendant lacks good cause for an extension of the discovery deadline. While this may be accurate in that the fact discovery deadline has passed, prior to the end of discovery the Times/Review requested an extension of the discovery deadlines for the purpose of expert discovery, *see* DE [39], which was granted by electronic order dated January 19, 2016, and lead to the motion presently before the Court. Under these circumstances, and where the Court

believes that Defendant has been defending this case diligently, the Court will not preclude the discovery sought on timeliness grounds.

*Conclusion*

For the reasons set forth above, Defendant's motion to compel is granted in part and denied in part. Plaintiff will serve his supplemental discovery responses on or before June 30, 2016. On or before August 1, 2016, Plaintiff will appear for his Rule 35 examination at a location reasonably designated by Defendant at a time and date agreed to by the parties.

Dated: Central Islip, New York
May 18, 2016                                SO ORDERED


                                            Steven I. Locke_____
                                            United States Magistrate Judge